# In the United States Court of Federal Claims

No. 16-1263 T

(E-Filed: October 24, 2018)

| | |
|---|---|
| SHIH-FU PENG and ROISIN HENEGHAN, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | Personal Income Tax; Failure to Timely File; Penalty and Interest for Late Tax Payment; 26 U.S.C. §§ 6651(a), 6072(c) (2012); Summary Judgment; RCFC 56. |

Theodore Joshua Wu, San Antonio, TX, for plaintiffs.

Blaine G. Saito, Attorney of Record,[1] with whom were Richard E. Zuckerman, Principal Deputy Assistant Attorney General, David I. Pincus, Chief, and G. Robson Stewart, Assistant Chief, Tax Division, Court of Federal Claims Section, United States Department of Justice, Washington, DC, for defendant.

OPINION

CAMPBELL-SMITH, Judge.

     In this case, plaintiffs claim that they are entitled to a refund of a penalty and interest assessed against them by the Internal Revenue Service (IRS) for plaintiffs' failure to timely file their 2012 tax returns. See ECF No. 1 (plaintiffs' complaint). Plaintiffs have moved the court for summary judgment, see ECF No. 27, and defendant has cross moved for summary judgment, see ECF No. 28. Also before the court are: (1) plaintiffs' proposed findings of uncontroverted fact, ECF No. 27-3; (2) defendant's response to plaintiffs' motion, ECF No. 28-1 (combined with the memorandum in support of

---

[1] As of July 3, 2018, Jennifer Dover Spriggs became defendant's attorney of record in this matter. See Notice of Appearance, ECF No. 34. Ms. Spriggs filed the final reply brief on behalf of the government.

defendant's cross-motion); (3) defendant's response to plaintiffs' proposed findings of uncontroverted facts, ECF No. 29; (4) plaintiffs' reply in support of its motion for summary judgment, ECF No. 30; (5) plaintiffs' response to defendant's additional proposed findings of uncontroverted fact, ECF No. 31; and (6) defendant's reply in support of its cross-motion for summary judgment, ECF No. 37. Oral argument was neither requested by the parties nor deemed necessary by the court.

For the following reasons, plaintiffs' motion is **DENIED**, and defendant's cross-motion is **GRANTED**.

I.   Background

Plaintiffs are a married couple[2] who were assessed a penalty in an amount of $16,921.49, by the IRS as a result of a late tax payment for the 2012 tax year. See ECF No. 27-3 at 1. Because plaintiffs resided outside the United States at the time—in Ireland—they were required to file their tax return on or before June 15, 2013. See ECF No. 28-1 at 8 (citing 26 U.S.C. § 6072(c) (2012) which allows an automatic two-month extension for taxpayers living outside the United States). Plaintiffs believe that they properly applied, through their accountant Mr. Abraham Mak, for an extension that would have allowed them an additional four months to file, making the applicable deadline October 15, 2013. See ECF No. 27-1 at 5 (attaching as an exhibit, ECF No. 27-4 at 2, a screen shot of the application, but not providing evidence that the application was actually submitted). Defendant, however, states that it has no record of receiving this extension application. See ECF No. 28-1 at 8-9.

Plaintiffs first contacted their accountant, by email, regarding the preparation and filing of their 2012 tax return on or about November 1, 2013. See ECF No. 29 at 4. See also ECF No. 31 at 1 (plaintiffs agreeing with defendant's recitation of this fact); ECF No. 28-2 at 125 (Mr. Peng admitting in his deposition this was the initial contact with Mr. Mak regarding tax preparation for the 2012 tax year). That email, in its entirety, reads as follows: "Abraham, I completely forgot this year because you usually remind me of US taxes?! How late am I? What do you want or need for which tax? Shih-Fu." ECF No. 27-16 at 2. Following several months of communication with Mr. Mak, see id., plaintiffs filed their 2012 tax return on July 17, 2014, and paid all penalties and interest due. See ECF No. 27-3 at 2; ECF No. 28-1 at 9; ECF No. 28-2 at 8. They now seek a refund of the penalties and interest. See ECF No. 1.

---

[2]   When this suit was initially filed, Mr. Peng was the only named plaintiff. See ECF No. 1. Because Mr. Peng and his wife, Ms. Roisin Heneghan, filed a joint 2012 tax return, she is also now named as a plaintiff. See ECF No. 28-1 at 7 n.1.

2

Plaintiffs allege that the following circumstances affected their ability to timely file: (1) Mr. Peng's father died in July 2012; (2) plaintiffs' child was born in January 2013; (3) Mr. Peng's grandmother died in October 2013; and (4) plaintiffs' accountant was, at times, unresponsive to plaintiffs during the time in which they were preparing the 2012 return. See ECF No. 27-1 at 6-7.

II.     Legal Standards

According to the Rules of the United States Court of Federal Claims (RCFC), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." RCFC 56(a). "[A]ll evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable factual inferences should be drawn in favor of the nonmoving party." Dairyland Power Coop. v. United States, 16 F.3d 1197, 1202 (Fed. Cir. 1994) (citations omitted).

A genuine dispute of material fact is one that could "affect the outcome" of the litigation. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "The moving party . . . need not produce evidence showing the absence of a genuine issue of material fact but rather may discharge its burden by showing the court that there is an absence of evidence to support the nonmoving party's case." Dairyland Power, 16 F.3d at 1202 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). A summary judgment motion is properly granted against a party who fails to make a showing sufficient to establish the existence of an essential element to that party's case and for which that party bears the burden of proof at trial. Celotex, 477 U.S. at 324.

The Supreme Court of the United States has instructed that "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48. A nonmovant will not defeat a motion for summary judgment "unless there is sufficient evidence favoring the nonmoving party for [the fact-finder] to return a verdict for that party." Id. at 249 (citation omitted). "A nonmoving party's failure of proof concerning the existence of an element essential to its case on which the nonmoving party will bear the burden of proof at trial necessarily renders all other facts immaterial and entitles the moving party to summary judgment as a matter of law." Dairyland Power, 16 F.3d at 1202 (citing Celotex, 477 U.S. at 323).

Additionally, in the context of cases involving a penalty for failure to timely file tax returns, such a failure may be excused for reasonable cause. See United States v. Boyle, 469 U.S. 241, 245 (1985). The taxpayer, however, bears the burden of demonstrating, by a preponderance of the evidence, both reasonable cause and a lack of willful neglect. See id.

3

III.   Analysis

In this case, the IRS assessed a penalty and interest against plaintiffs pursuant to 26 U.S.C. § 6651(a)(1)-(2) (2012).  See ECF No. 1 at 2; ECF No. 27-7 at 2.  Those code subsections allow the IRS to assess penalties and interest against taxpayers who fail to timely file tax returns or pay taxes due on those returns.  Under the terms of the statute, the penalties and interest are excused only if "such failure is due to reasonable cause and not due to willful neglect."  See 26 U.S.C. § 6651(a)(1)-(2) (the same language appears in both subsections).  As the Supreme Court has noted, "[t]o escape the penalty, the taxpayer bears the heavy burden of proving both (1) that the failure did not result from 'willful neglect,' and (2) that the failure was 'due to reasonable cause.'"  Boyle, 469 U.S. at 245.

In Boyle, the Court further explained, that although neither "willful neglect" nor "reasonable cause" are defined by the statute, precedent has identified the contours of these terms.  Id.  "As used here, the term 'willful neglect' may be read as meaning a conscious, intentional failure or reckless indifference."  Id. (collecting cases).  And "reasonable cause" is defined by a regulation that "calls on the taxpayer to demonstrate that he exercised 'ordinary business care and prudence,' but nevertheless was 'unable to file the return within the prescribed time.'"  Id. at 246 (citing 26 C.F.R. § 301.6651(c)(1) (1984) and collecting cases).

Plaintiffs have failed to establish either reasonable cause or a lack of willful neglect in accord with these definitions.

   A.   Reasonable Cause

Plaintiffs argue, on several bases, that they had reasonable cause for failing to meet the applicable filing deadline.  First, they argue that they exercised ordinary business care and prudence by relying "on a certified public accountant, Abraham Mak, to prepare and file their tax returns."  ECF No. 27-1 at 10-11.  Plaintiffs claim to have relied on Mr. Mak in two respects:  (1) to apply for an extension, giving plaintiffs until October 15, 2013, to file their return, see ECF No. 27-1 at 5; ECF No. 30 at 3-5; and (2) to prepare and file the 2012 return, which was ultimately filed in July 2014, see ECF No. 27-1 at 7.

Plaintiffs also argue that their situation meets the reasonable cause requirement by way of the personal life events experienced by Mr. Peng and Ms. Heneghan in 2012 and 2013.  Mr. Peng's father committed suicide in July 2012, plaintiffs welcomed their first child in January 2013, and Mr. Peng's grandmother died on October 15, 2013.  See ECF No. 27-1 at 12-13.  According to plaintiffs, these "numerous traumatic experiences . . . impaired [their] ability to promptly file [their] tax return for 2012."  Id. at 12.

4

With regard to plaintiffs' reliance on Mr. Mak, only their reliance on him to file the appropriate forms to apply for an extension is relevant to the present analysis. Any reliance on him to prepare and file their returns occurred after the October 15, 2013 deadline had passed. Even assuming that plaintiffs reasonably relied on Mr. Mak to obtain an extension on their behalf, however, they still failed to file their returns on or before October 15, 2013. See Boyle, 469 U.S. at 249-50 (holding that taxpayers have an individual, non-delegable duty to timely file tax returns). As defendant states, plaintiffs "received no advice from the accountant upon which they relied that resulted in the late filing." ECF No. 28-1 at 20. As such, plaintiffs' reliance on Mr. Mak does not constitute reasonable cause.

This court has recognized personal hardship as reasonable cause for failure to timely file under some circumstances. In Stine v. United States, 106 Fed. Cl. 586, 592 (2012), the court noted that physical debilitation can constitute reasonable cause: "We believe the type of illness or debilitation that might create reasonable cause is one that because of severity or timing makes it virtually impossible for the taxpayer to comply—things like emergency hospitalization or other incapacity occurring around tax time." (quoting In re Carlson, 126 F.3d 915, 923 (7th Cir. 1997)). The court in Stine also noted that while incapacity need not be physical to support reasonable cause, "[m]ental and emotional problems are often treated differently than physical health problems in cases interpreting § 6651(a)." Id. at 594 n.4. Specifically, a taxpayer typically must provide evidence of incapacity caused by mental or emotional circumstances, such as psychiatric care. Id. (collecting cases from the United States Tax Court).

The court is not insensitive to the impact of the significant life changes—both happy and sad—that plaintiffs experienced during 2012 and 2013. It is not clear, however, that either the death of Mr. Peng's father, the birth of plaintiffs' child, or the death of Mr. Peng's grandmother incapacitated plaintiffs or put plaintiffs in a situation that made it "virtually impossible" for them to comply with the filing deadline. The court does not find that such circumstances per se cannot constitute reasonable cause, but in this case, plaintiffs have not offered evidence of incapacity or trauma so severe that they were unable to attend to their personal affairs. Without such evidence, the court cannot find that plaintiffs carried their "heavy burden" to prove reasonable cause. Boyle, 469 U.S. at 245.

    B.    Willful Neglect

Plaintiffs base their position that they did not willfully neglect to timely file their tax return on evidence of their efforts to ascertain the status of their return preparation from Mr. Mak. See ECF No. 27-1 at 11-12; ECF No. 30 at 6-8. The documents submitted by plaintiffs show that Mr. Peng engaged in a course of email communication on this subject with Mr. Mak starting on November 1, 2013, and continuing until the return was filed in July 2014. See ECF No. 27-16. In his first email, Mr. Peng writes,

5

"Abraham, I completely forgot this year because you usually remind me of US taxes?! How late am I?  What do you want or need for which tax?" Id. at 2.  The subsequent communications do, as plaintiffs allege, include many emails indicating that Mr. Peng repeatedly and frequently sought information regarding the status of the return preparation.  See ECF No. 27-16.  In the court's view, however, these communications simply do not speak to plaintiffs' intent with regard to missing the applicable filing deadline.  Even if plaintiffs were bound by the later October 15, 2013 deadline, Mr. Peng did not begin his efforts to compile documents for Mr. Mak until sometime after November 1, 2013.

Plaintiffs, again, have not submitted evidence to support their position with regard to a lack of willful neglect.  Therefore, plaintiffs have failed to carry their burden of demonstrating that they did not willfully neglect their obligation to timely file their tax return for the 2012 tax year.

IV.     Conclusion

For the foregoing reasons, plaintiffs' motion for summary judgment, ECF No. 27, is **DENIED**, and defendant's cross-motion for summary judgment, ECF No. 28, is **GRANTED**.  The clerk's office is directed to **ENTER** final judgment in defendant's favor **DISMISSING** plaintiffs' complaint, with prejudice.

IT IS SO ORDERED.

s/Patricia E. Campbell-Smith
PATRICIA E. CAMPBELL-SMITH
Judge
